**Charles Edward ROBINSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–93–00537–CR.**

Court of Appeals of Texas, San Antonio.

June 29, 1994.

Deborah Stanton Burke, San Antonio, for appellant.

Edward F. Shaughnessy, III, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before BUTTS, RICKHOFF and HARDBERGER, JJ.

HARDBERGER, Justice.

Appellant was found guilty, pursuant to a plea bargain agreement, of the offense of Aggravated Robbery. The trial court assessed punishment at ten (10) years in the Institutional Division of the Department of Criminal Justice in compliance with the plea bargain. This appeal alleging two points of error has followed. We dismiss this appeal for want of jurisdiction.

In his first point of error appellant complains that the evidence is insufficient to corroborate the testimony of the accomplice witness. Appellant's second point alleges that he was provided with ineffective assistance of counsel. The State contends this court has no jurisdiction to consider appellant's first point of error.

Appellant plead guilty, pursuant to a plea bargain, and was found guilty by the trial court. Punishment was assessed at ten years confinement. Appellant filed a written notice of appeal within thirty days of the

sentence being imposed. Appellant's *pro se* notice of appeal states that the trial judge "granted his permission for the defendant to appeal."

The State claims that Appellant's "general" notice of appeal was insufficient to confer jurisdiction on this court to consider appellant's first point of error. The State also argues that this court has no jurisdiction to consider appellant's sufficiency of the evidence point because he did not obtain permission of the trial court to appeal the issue.

The controlling rule is Tex.R.App.P. 40(b)(1) which, in pertinent part, provides:

[Notice of Appeal] shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; *but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.* (Emphasis added).

■ Interpreting the foregoing provision, the Texas Court of Criminal Appeals recently held that a general notice of appeal under Rule 40(b)(1) does not confer jurisdiction on an intermediate appellate court to review a claim of insufficient evidence. *Davis v. State,* 870 S.W.2d 43, 47 (Tex.Crim.App. 1994). A "general" notice of appeal confers jurisdiction on a Court of Appeals to address only jurisdictional issues. *Lyon v. State,* 872 S.W.2d 732, 736 (Tex.Crim.App.1994). Rule 40(b)(1) requires a defendant, in an appeal from a plea-bargained conviction, to obtain the trial court's permission to appeal any matter in the case except for those matters raised by written motion and ruled on before trial. *Id.*

■ It is undisputed that appellant's challenge to the sufficiency of the evidence was not raised by means of a written motion and ruled on before trial. As a result, jurisdiction was not conferred upon this court under the last clause of Rule 40(b)(1). *Lyon v. State, supra.* Furthermore, sufficiency of the evidence does not constitute a "jurisdictional" issue. *Id.*

The only remaining issue is whether jurisdiction over the sufficiency issue attached on the basis that appellant obtained permission to appeal this issue? Appellant's written notice of appeal stated, "the trial Judge has granted his permission for the defendant to appeal." However, an examination of the record does not contain any statements by the trial judge to the effect that he was giving the appellant permission to appeal the sufficiency of the evidence issue.

As previously stated, Rule 40(b)(1) requires a defendant, in an appeal from a plea-bargained conviction, to *obtain* the trial court's permission to appeal any matter in the case except for those matters raised by written motion and ruled on before trial. *Lyon,* 872 S.W.2d at 736. Appellant has failed to obtain the trial court's permission to appeal the issue of insufficiency of the evidence. We have no jurisdiction to consider Appellant's first point of error and thus it is overruled.

■ Although the State did not raise the argument, *Lyon* also disposes of appellant's second point of error. In his second point, Appellant complains that he was denied the effective assistance of counsel and thus his guilty plea was not intelligently, knowingly or voluntarily entered. Ineffective assistance of counsel in not a jurisdictional issue. *See Lyon,* 872 S.W.2d at 736. Again, Appellant did not obtain the trial court's permission to appeal his ineffective assistance of counsel issue. We have no jurisdiction to consider Appellant's second point of error.

Appellant's second point of error is overruled.

This appeal is dismissed for want of jurisdiction.