**Henry David HERNANDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–94–00133–CR.**

Court of Appeals of Texas,
San Antonio.

Dec. 21, 1994.

Rehearing Denied Feb. 27, 1995.

Mark Stevens, San Antonio, for appellant.

Steven C. Hilbig, Crim. Dist. Atty., Barbara Hervey, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before CHAPA, C.J., and PEEPLES and HARDBERGER, JJ.

## OPINION

CHAPA, Chief Justice.

Appellant, Henry David Hernandez, appeals a conviction for the offense of murder. The record reflects that only one motion to suppress an oral statement was filed and ruled on prior to trial. The trial court granted the motion, and, on appeal by the State, this court reversed the order of the trial court and remanded the case to trial. *State v. Hernandez*, 842 S.W.2d 306, 319 (Tex. App.—San Antonio 1992, pet. ref'd), *cert. denied,* —— U.S. ——, 113 S.Ct. 3049, 125 L.Ed.2d 733 (1993). Subsequently, pursuant to a plea bargain, appellant plead nolo contendere to an information alleging the offense of murder. In accordance with the plea bargain, appellant received fifty-five years confinement. After entry of the plea, appellant filed certain motions seeking production of internal investigations conducted by the San Antonio Police Department, which the court partially granted. Thereafter, appellant filed other motions objecting to the presentencing report, which were also partially granted. It is these motions that form the basis for this appeal. Failing to obtain permission from the court to appeal, appellant filed a notice of appeal alleging that the matters complained of "were raised by written motion and ruled on before trial pursuant to Rule 40(b) of the Texas Rules of Appellate Procedure." The motion for new trial was overruled by operation of law.

■ The dispositive issue is whether this court has jurisdiction to hear this appeal. We hold we do not, and dismiss for lack of jurisdiction.

In relevant part, Rule 40(b)(1) of the Texas Rules of Appellate Procedure[1] provides:

---

[1.] Rule 40(b)(1) of the Texas Rules of Appellate Procedure is based on its predecessor, Article 44.02 V.A.C.C.P., which was enacted in 1925. The legislature added an amendment to Article 44.02 in 1977 which had the purpose of "reduc[ing] the appellate case load by eliminating appeals where the defendant had entered a plea of guilty or nolo contendere before the court as a

"[Notice of appeal] shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; *but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.*"

TEX.R.APP.P. 40(b)(1) (emphasis added).

In *Davis v. State*, 870 S.W.2d 43 (Tex. Crim.App.1994) (en banc), the court further interpreted Rule 40(b)(1), stating:

The relevant portions of Rule 40(b)(1) should be read as follows:

". . . . in order to prosecute an appeal for a (1) nonjurisdictional defect [*occurring before or after the plea*], or (2) error that occurred *prior to entry of the plea,* the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial. . . ."

*Id.* at 46. (emphasis added).

▇ Therefore, the interpretation given Rule 40(b)(1) by the Court of Criminal Appeals clearly precludes appeal by a defendant who has plead guilty or nolo contendere before the court, and who has been assessed punishment not exceeding the punishment recommended by the prosecution as a result of a plea bargain, except under the following circumstances: 1) jurisdictional defects may be appealed without limitations, 2) nonjurisdictional defects occurring before or after the plea may be appealed provided the court grants permission, and 3) errors that occur prior to the entry of the plea may be appealed provided they were raised by written

motions filed and ruled on before trial, regardless of the trial court's permission. *Davis,* 870 S.W.2d at 46. This interpretation is clearly consistent with the spirit and purpose of the underlying legislation, which was to reduce the appellate case load by eliminating plea bargain appeals as much as possible. *Morris v. State,* 749 S.W.2d 772, 774 (Tex. Crim.App.1986) (en banc).

In this case, appellant presents no jurisdictional issue to this court and the first exception is thus not applicable. The State alleges, the record supports, and the appellant does not challenge that the nonjurisdictional defects presented in this appeal occurred after the entry of the plea. Therefore, under the second exception, permission was required of the trial judge in order to authorize the appeal of these matters. Appellant concedes and the record reflects that permission was denied by the trial judge. Consequently, the second exception is likewise not applicable.

Appellant argues, however, that since his notice of appeal alleges that the matters complained of "were raised by written motion and ruled on before trial pursuant to Rule 40(b)(1) of the Texas Rules of Appellate Procedure," jurisdiction is conferred upon this court. Nevertheless, the parties agree and the record reflects that the written motions which are the subject of this appeal were not filed or ruled on before trial or before the entry of the plea. Appellant presents no authority and we are unable to find any that supports the contention that jurisdiction is conferred upon an appellate court by the mere statement in appellant's notice of appeal that the matters were raised by written motion and ruled on before trial, whether such a statement is supported by the record or not. We hold that the third exception is likewise not applicable here, because it is clear from the record that the motions which are the subject of this appeal were not filed or ruled on prior to the trial or the entry of the plea. Therefore, this court has no jurisdiction to proceed in this appeal. *Lyon v.*

result of a plea bargain and the punishment assessed did not exceed that agreed upon . . . [except where] permission of the trial is obtained [or] as to those *matters* raised by written motion

filed prior to trial, regardless of the trial court's permission." *Morris v. State,* 749 S.W.2d 772, 774 (Tex.Crim.App.1986) (en banc).

*State,* 872 S.W.2d 732, 736 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994).

Apparently recognizing the problem, appellant suggests that we abate the appeal in order for the trial court to reconsider the request for permission to appeal, which appellant insists the court denied based on a misunderstanding of the law. However, when an appellate court is without jurisdiction, it cannot act "except to dismiss the appeal. And this we shall do." *Morris,* 749 S.W.2d at 775.

The appeal is dismissed for lack of jurisdiction.