John Robert MORRIS, Appellant,

v.

STATE of Texas, Appellee.

No. 04–94–00398–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 11, 1995.

Discretionary Review Refused
April 5, 1995.

Jimmy Parks, Phillips & Parks, San Antonio, for appellant.

Steven C. Hilbig, Crim. Dist. Atty., Edward F. Shaughnessy, III, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before CHAPA, C.J., and PEEPLES[1] and HARDBERGER, JJ.

CHAPA, Chief Justice.

Appellant John R. Morris appeals a conviction for the offense of credit card abuse. Appellant entered a plea of nolo contendere pursuant to a plea bargain, and was sentenced to twenty years' confinement in compliance with the plea bargain.

The record reflects that appellant filed a pretrial Motion for Discovery and Inspection pertaining to, among other things, any video recordings made by the complainant, Dia-

mond Shamrock. However, the record does not reflect that the appellant set the motion for a hearing or that the court ever ruled on the motion.

The record further reflects that appellant also filed a pretrial Motion to Dismiss for Failure to Preserve Exculpatory Evidence. The motion was premised on the fact that the video sought was apparently destroyed by the complainant Diamond Shamrock prior to being turned over to the police. Although the record does not reflect appellant ever set the motion for a hearing, it does contain a notation from the trial judge that the motion was denied on June 20, 1994. No statement of facts pertaining to this motion has been furnished this court by the appellant.

A Rule 40(b)(1) notice of appeal was filed alleging the two motions heretofore set out, but with no mention that permission to appeal had been sought or obtained from the trial court. TEX.R.APP.P. 40(b)(1). Moreover, the record does not reflect that permission to appeal was ever sought or that it was ever granted by the trial court.

The valid appellate issues before this court are whether the trial court committed reversible error by:

1) denying appellant's pre-trial motion for dismissal based on the failure of the State to preserve the videotape evidence allegedly taken by the complainant Diamond Shamrock; and,

2) accepting the nolo contendere plea when the pre-trial motion "was in fact ineffectual."

With regards to the remaining two points of error, we hold that under Rule 40(b)(1) of the Texas Rules of Appellate Procedure this court has no jurisdiction to entertain them, and that they are therefore dismissed for want of jurisdiction.

In his initial complaint, appellant contends that the trial court should have dismissed the cause against him because the State failed to preserve the videotape evidence presumably taken by the complainant Diamond Shamrock, and that such actions of the State were in violation of appellant's discovery motion

1. Justice David Peeples not participating.

based on *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

It is clear that convictions must be reversed if the prosecution actively suppresses evidence or negligently or inadvertently fails to disclose evidence that may exonerate the defendant following a proper discovery request. *See id.* at 87, 83 S.Ct. at 1196–97, 10 L.Ed.2d at 218; *Crutcher v. State*, 481 S.W.2d 113, 115 (Tex.Crim.App.1972). However, three factors should be considered in determining whether reversible error has occurred when the question is based on a *Brady* violation. *Moore v. Illinois*, 408 U.S. 786, 794–95, 92 S.Ct. 2562, 2568, 33 L.Ed.2d 706, 713 (1972); *Coe v. State*, 683 S.W.2d 431, 438 (Tex.Crim.App.1984); *Crawford v. State*, 617 S.W.2d 925, 931 (Tex.Crim.App.1980), *cert. denied*, 452 U.S. 931, 101 S.Ct. 3067, 69 L.Ed.2d 431 (1981). The factors are as follows: (1) the suppression of such evidence by the prosecution after a request by the defense; (2) the evidence's favorable character for the defense; and (3) the materiality of the evidence.

Applying the foregoing factors to the facts of this case leads us to conclude that no reversible error has been shown. The record does not reflect that a hearing was ever set on appellant's motion, and appellant has failed to provide this court with a statement of facts supporting the complained-of error. TEX.R.APP.P. 50. In fact, appellant's motion to dismiss states that the videotape, which is the subject of the motion, was destroyed by the complainant Diamond Shamrock prior to its being delivered to the police. Therefore, although it is uncontested that appellant made a proper *Brady* discovery request for the alleged videotape, nothing in this record supports the suggestion that the prosecution suppressed the videotape or negligently or inadvertently failed to disclose the alleged evidence. Further, this record also fails to show that the videotape sought by the defense was favorable to the appellant.

In *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), the Supreme Court held that (1) the mere possibility that an item of undisclosed information might have helped the defense or might have affected the outcome of the trial does not establish "materiality" in the constitutional sense, and (2) that the omitted evidence must have been such as would create a reasonable doubt about the defendant's guilt. *Crawford*, 617 S.W.2d at 931. Again, the appellant has failed to present a record which shows that the videotape sought was material in a constitutional sense or that the omitted evidence was such as would create a reasonable doubt about the defendant's guilt. The point is rejected.

In his next complaint, appellant contends that the nolo contendere plea was rendered involuntary because his pre-trial motion "was in fact ineffectual." Appellant does not contend that he was improperly advised of his appellate rights under Rule 40(b)(1) by the trial judge, but, rather, that the trial judge should have also notified the appellant that his appeal on the basis of the pre-trial motion would be unsuccessful.

This court rejected an identical argument in *Ortega v. State*, 837 S.W.2d 831 (Tex. App.—San Antonio 1992, no writ), stating:

Appellant also argues that [the trial court's instruction to the defendant regarding his appellate rights] was somehow error because "the trial court knew or should have known that any appeal under the facts and circumstance[s] of the instant case would not be effective." The implication of this argument is that a trial court should not advise a defendant of appeal rights where the trial court believes an appeal would be unsuccessful. We reject that notion.

*Id.* at 832.

The obligation of the trial court is simply to advise the accused of the consequences of his plea, which includes how his plea will affect his appellate rights. A trial court must always remain impartial, permitting each party to present its case and prepare its appeal without any influence from the court. To impose the burdens advocated by the appellant upon the trial court would result in the court's abandoning its impartial position. We again reject this notion. The point is denied.

In his third point of error, appellant contends that the sentence imposed,

which was based on the plea bargain, violated the Eighth Amendment's prohibition against cruel and unusual punishment. In his fourth point of error, appellant insists that he should be granted a new trial as a way of amelioration, since under a change in the law the offense to which he plead nolo contendere cannot be enhanced by his prior convictions, as of September 1, 1994.

Citing *Davis v. State,* 870 S.W.2d 43 (Tex. Crim.App.1994) (en banc), this court stated:

> Therefore, the interpretation given Rule 40(b)(1) by the Court of Criminal Appeals clearly precludes appeal by a defendant who has plead guilty or nolo contendere before the court, and who has been assessed punishment not exceeding the punishment recommended by the prosecution as a result of a plea bargain, except under the following circumstances: 1) jurisdictional defects may be appealed without limitations, 2) nonjurisdictional defects occurring before or after the plea may be appealed provided the court grants permission, and 3) errors that occur prior to the entry of the plea may be appealed provided they were raised by written motions filed and ruled on before trial, regardless of the trial court's permission. *Davis,* 870 S.W.2d at 46. This interpretation is clearly consistent with the spirit and purpose of the underlying legislation, which was to reduce the appellate case load by eliminating plea bargain appeals as much as possible. *Morris v. State,* 749 S.W.2d 772, 774 (Tex.Crim.App.1986) (en banc).

*Hernandez v. State,* 894 S.W.2d 807 (Tex. App.—San Antonio 1994, no pet. h.).

In his third and fourth points of error, appellant has clearly (1) not alleged a jurisdictional complaint, (2) has failed to obtain the trial court's permission to appeal these nonjurisdictional defects, and (3) the defects complained of were not the subject of a pretrial motion and ruled on prior to the entry of the plea. Therefore, we have no jurisdiction under Rule 40(b)(1) of the Texas Rules of Appellate Procedure to entertain either point of error three or four. Therefore, without jurisdiction, this court cannot act "except to dismiss" the points outside our jurisdiction. *Morris,* 749 S.W.2d at 775.[2] The points are dismissed for lack of jurisdiction.

The judgment is affirmed.

---

**2.** Regardless, in connection with appellant's third point, appellant plead nolo contendere to the third degree felony offense of credit card abuse as a repeat offender because of two enhancement paragraphs. As part of the plea bargain agreement, the State waived one of the enhancement paragraphs, and appellant agreed to plead as a repeat offender to 20 years' confinement. Further, the Texas recidivist statute has been held not to violate the Eighth Amendment's prohibition against cruel and unusual punishment by the United States Supreme Court and the Texas Court of Criminal Appeals. *Rummel v. Estelle,* 445 U.S. 263, 285, 100 S.Ct. 1133, 1145, 63 L.Ed.2d 382, 397–98 (1980); *Rodriguez v. State,* 614 S.W.2d 448, 450 (Tex.Crim.App.1981). The point is therefore without merit.

Moreover, as pertains to appellant's fourth point, the state correctly points out that the pertinent authority controlling which statute is applicable for purposes of the sentence imposed is the Act of June 19, 1993, 73rd Leg., R.S., ch. 900, § 1.18(b), 1993 Tex.Gen.Laws 3705 (effective Sept. 1, 1994). The Act provides that "[a]n offense committed before the effective date of this article is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose." In this case, the law at the time of the offense provided for enhancement in accordance with the plea bargain agreement. The point is also without merit.