Richardson v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-296-CR

     ALAN LYNN RICHARDSON,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 25,177
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Alan Richardson attempts to appeal from his conviction for possession of a controlled
substance, cocaine, and the assessed punishment of eight years' imprisonment, probated for eight
years, and a $500 fine. See Tex. Health & Safety Code Ann. §§ 481.102(D), 481.115(a)
(Vernon 1992 & Supp. 1995). The conviction and punishment followed a negotiated plea of no-contest. In his brief he raises one point of error, claiming that the court erred by denying a pre-trial motion to suppress the cocaine. However, we find that we do not have jurisdiction over this
cause because Richardson failed to comply with the Texas Rules of Appellate Procedure. See
Tex. R. App. P. 40(b)(1); Lyon v. State, 872 S.W.2d 732, 736 (Tex. Crim. App.), cert. denied,
___ U.S. ___, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994); Davis v. State, 870 S.W.2d 43 (Tex.
Crim. App. 1994).
      After his motion to suppress was denied, Richardson waived his right to a jury trial and to
confront the witnesses against him and pleaded no contest in exchange for a recommendation from
the State that his punishment be assessed at eight years' imprisonment, probated for eight years,
and a $500 fine. See Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon Supp. 1995). The court
admonished him, accepted his plea, and set a sentencing hearing pending a presentence
investigation report. See id. art. 26.13 (Vernon 1989 & Supp. 1995). When the sentencing
hearing convened, the court initially assessed punishment that exceeded the agreement reached
between the State and Richardson. After some off-the-record discussion, the court changed the
punishment and sentenced Richardson according to the agreement. Richardson filed a "general"
notice of appeal, which merely states that he "hereby gives notice of appeal from his conviction
in this case which occurred on 22 August 1994." 
      To appeal from a conviction "rendered upon [a] plea of . . . nolo contendere [when] the
punishment assessed does not exceed the punishment recommended by the prosecutor and agreed
to by the defendant . . . the notice [of appeal] shall state that the trial court granted permission to
appeal or shall specify that those matters were raised by written motion and ruled on before trial." 
Tex. R. App. P. 40(b)(1). A "general" notice of appeal, i.e., one that does not contain the extra
statements required by the "but" clause of Rule 40(b)(1), only invokes the jurisdiction of this court
to consider jurisdictional defects. See Lyon, 872 S.W.2d at 736. "A ‛general' notice of appeal
is insufficient to confer jurisdiction on a Court of Appeals to review a trial court's ruling on a
pretrial suppression motion in an appeal from a conviction based on a negotiated plea bargain." 
Davis, 870 S.W.2d at 46. We may not allow Richardson to amend the notice of appeal out of
time. See id. at 47; Jones v. State, 796 S.W.2d 183, 187 (Tex. Crim. App. 1990). 
      Because Richardson does not raise jurisdictional complaints, we must dismiss his appeal for
want of jurisdiction. See Davis, 870 S.W.2d at 47. 
                                                                               PER CURIAM

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed May 3, 1995
Do not publish 



lea, and assessed the agreed
punishment. See id. art. 26.13 (Vernon 1989 & Supp. 1995). Twenty-nine days later, Roy filed
a notice of appeal. Tex. R. App. P. 40(b)(1), 41(b)(1).
      Roy's notice of appeal is a two-page, pre-printed form, consisting of a checklist of allegations
and assertions.


 The form allows the person filling it out to select among the allegations by
checking a small box along side the statement. Roy checked the boxes indicating (1) that his
convictions followed a plea bargain, (2) that he intended to appeal the court's denial of "the
attached written pre-trial motion(s)," (3) that the judge had "granted permission to appeal the
issues set forth herein," and (4) that his plea was involuntary because his trial counsel failed to
provide effective assistance of counsel. Although the form provides the option of indicating that
the defendant wishes to complain that the evidence is insufficient, Roy did not select that option
when he filled out his "notice of appeal." 
      To appeal from a conviction "rendered upon [a] plea of guilty . . . [when] the punishment
assessed does not exceed the punishment recommended by the prosecutor and agreed to by the
defendant . . . the notice [of appeal] shall state that the trial court granted permission to appeal or
shall specify that those matters were raised by written motion and ruled on before trial." Tex. R.
App. P. 40(b)(1). "If [the defendant] wishes to appeal a matter which is nonjurisdictional in nature
. . . he must conform to the requirements of the [Rule] and include within his notice what the
grounds of appeal are and the fact that he has received the permission of the trial court to appeal
those matters." Jones v. State, 796 S.W.2d 183, 186 (Tex. Crim. App. 1990). If the notice does
not meet the requirements of Rule 40(b)(1) it is a general notice of appeal and only invokes our
jurisdiction to consider jurisdictional complaints. Lyon, 872 S.W.2d at 736; Morrison, 896
S.W.2d at 393.
      Roy indicated that the court granted him permission to appeal "the issues set forth herein,"
a phrase that we interpret to refer to the issues Roy checked on his notice of appeal. Solis v. State,
890 S.W.2d 518, 519 n.2 (Tex. App.—Dallas 1994, no pet.). However, he did not check the
statement indicating that he intended to appeal the sufficiency of the evidence supporting his
conviction. Thus, with respect to the sufficiency issue, his notice of appeal is general. Lyon, 872
S.W.2d at 736; Jones, 796 S.W.2d at 186. Sufficiency of the evidence is not a jurisdictional
complaint. Rhem v. State, 873 S.W.2d 383, 384 (Tex. Crim. App. 1994); Lyon, 872 S.W.2d at
736.
      The State argues that the "statements required by rule 40(b)(1) must be true [and] the record
must support that Appellant received permission from the trial court to appeal," citing Solis v.
State and Hutchins v. State. Solis, 890 S.W.2d at 520; Hutchins v. State, 887 S.W.2d 207, 210
(Tex. App.—Austin 1994, pet. ref'd); see also Hernandez v. State, 894 S.W.2d 807, 809-10 (Tex.
App.—San Antonio 1994, no pet.); Robinson v. State, 880 S.W.2d 193, 194 (Tex. App.—San
Antonio 1994, no pet.). Thus, according to the State, because nothing in the record indicates that
Roy obtained the court's permission to appeal, his notice of appeal is a general notice and we do
not have jurisdiction over this cause. 
      However, we need not address this argument because Roy did not indicate that the court
granted him permission to appeal the sufficiency of the evidence, as required. Jones, 796 S.W.2d
at 186. Thus, the truthfulness of his statement that the court granted him permission to appeal is
not at issue.
      Because Roy failed to invoke our jurisdiction, we must dismiss his appeal. Davis, 870
S.W.2d at 47; Morrison, 896 S.W.2d at 394. The State's motion to dismiss is granted.
                                                                               PER CURIAM

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed November 15, 1995
Do not publish