Pete Ayala MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–93–00776–CR.

Court of Appeals of Texas,
San Antonio.

July 5, 1995.

Rehearing Overruled Sept. 6, 1995.

Roy R. Barrera, Jr., Nicholas & Barrera, P.C., San Antonio, for appellant.

Angela Moore, Assistant Criminal District Attorney, San Antonio, for appellee.

Before LOPEZ, STONE and DUNCAN, JJ.

## OPINION

DUNCAN, Justice.

Pete Ayala Martinez pleaded nolo contendere, pursuant to a negotiated plea bargain agreement, to a charge of aggravated assault with a deadly weapon. The trial judge denied Martinez's application for deferred adjudication and, in accordance with the plea, sentenced Martinez to a three-year prison term. Martinez appeals on four points of error, all of which argue that his plea was involuntary: (1) Martinez's plea was involuntary because he was not admonished on the range of punishment, as required by article 26.13(1), TEX.CODE CRIM.PROC.; (2) Martinez's plea was involuntary because he was not admonished regarding the possibility of deportation if he was not a United States citizen; (3) Martinez's plea was involuntary because he was denied effective assistance of counsel; and (4) Martinez's plea was involuntary because he was not admonished that he was not eligible for court-ordered probation. We hold that our jurisdiction extends only to one argument under Martinez's first and second points of error, which we overrule. We dismiss the remainder of Martinez's first and second points of error, as well as his third and fourth points of error, for want of jurisdiction. The judgment and sentence are, therefore, affirmed.

## Jurisdiction

At the outset, we must address the State's arguments that we have no jurisdiction to consider any aspect of Martinez's appeal. The State first argues that, because Martinez's notice of appeal is a general notice that states simply that Martinez appeals "the judgment and sentence" of the court, it is not sufficient to confer jurisdiction on this court to consider the voluntariness of Martinez's plea. *See Lyon v. State,* 872 S.W.2d 732, 736 (Tex.Crim.App.1994) (defendant's general notice of appeal did not confer jurisdiction on court of appeals to consider nonjurisdictional defects or errors occurring before or after entry of plea); TEX.R.APP.P. Rule 40(b)(1) (if an appeal is taken from a plea bargained conviction, and the punishment is within that recommended, "the notice *shall* state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial") (emphasis added).

This court has previously held that a defendant's failure to comply with Rule 40(b)(1), TEX.R.APP.P., restricts him to jurisdictional defects or errors on appeal. *Hernandez v. State,* 894 S.W.2d 807, 809 (Tex. App.—San Antonio 1994, pet. filed); *Robinson v. State,* 880 S.W.2d 193, 194 (Tex.App.— San Antonio 1994, no pet.). However, neither *Hernandez* nor *Robinson* dealt with the issue of whether the voluntariness of a plea is jurisdictional or an exception to Rule 40(b)(1). We do so in this case.

Plainly, voluntariness is not jurisdictional; it goes neither to the trial court's jurisdiction over the defendant's person nor to the trial court's jurisdiction over the sub-

ject matter. *See Lyon,* 872 S.W.2d at 736. Nor can it be said that Rule 40(b)(1) excepts voluntariness from its operation. Certainly it does not do so expressly, and we believe we are constrained to hold that it does not do so by implication. *See Lyon,* 872 S.W.2d at 733–34 (affirming judgment of court of appeals after expressly noting that Lyon raised voluntariness of his plea in the court of appeals, and that court dismissed the point for lack of jurisdiction under Rule 40(b)(1)). We therefore hold that the voluntariness of a negotiated plea is neither jurisdictional nor an exception to Rule 40(b)(1).

In this case, however, the jurisdictional issue is more complicated, because the trial judge granted Martinez's motion for permission to appeal. This motion, filed by Martinez's counsel, stated that Martinez "says he did not understand the consequences of his plea in that he could not hear nor read the admonishments and his plea was not voluntarily entered. For that reason [Martinez] requests the Court's permission to appeal" the court's "judgment and sentence." However, the order granting this motion does not expressly incorporate the stated ground.

We construe the order as impliedly incorporating the stated ground. Even then, however, the fact that permission to appeal was granted is not incorporated or reflected in the notice of appeal, as required by Rule 40(b)(1). The next issue requiring decision, therefore, is whether we may consider the order granting permission to appeal when this fact is not incorporated or reflected in the notice of appeal. Clearly, prior to *Lyon,* this court was required to consider permission to appeal reflected in the record but not in the notice of appeal. *See Riley v. State,* 825 S.W.2d 699 (Tex.Crim.App.1992) (en banc). However, in this situation, jurisdiction was limited to the grounds stated in the order granting permission to appeal. *Id.*

■ We believe a careful reading of *Lyon* indicates that we are still authorized to go beyond the notice of appeal and determine whether permission to appeal is reflected in the appellate record as a whole. We derive this authorization from the *Lyon* Court's

having done so. *See Lyon,* 872 S.W.2d at 736. Accordingly, we hold that *Riley* survives *Lyon,* and Martinez has adequately preserved his right to appeal the voluntariness of his plea on the ground stated in his motion, *i.e.,* that he "could not hear nor read the admonishments."

■ We are next faced with the problem, however, that Martinez's points of error, as stated, complain not of his failure to hear or read the admonishments, but that no admonishments were in fact given. We note, however, that under these points of error Martinez argues that he could not read or understand the plea papers. Accordingly, under the rule of liberal interpretation of points of error "to obtain a just, fair and equitable adjudication of the rights of the litigants,"[1] we will consider Martinez's first and second points of error to the extent they argue that he could not read or understand the plea papers. Beyond that, Martinez's first and second points of error are dismissed for want of jurisdiction. *See Metzger v. Sebek,* 892 S.W.2d 20, 55 (Tex.App.—Houston [1st Dist.] 1994, writ denied) (when court has no jurisdiction to consider part of an appeal, it should dismiss the part over which it has no jurisdiction rather than overrule the related points of error).

■ Martinez's third point of error, which raises ineffective assistance of counsel, is clearly outside the scope of our jurisdiction. Ineffectiveness of trial counsel is not a jurisdictional issue. *Lyon,* 872 S.W.2d at 736. Since Martinez was not granted permission to appeal on this ground, we are without jurisdiction to consider it. We therefore dismiss Martinez's third point of error. *See Metzger,* 892 S.W.2d at 55.

■ Martinez's fourth point of error contends that his plea was involuntary because the trial judge failed to admonish him that he was not eligible for court-ordered probation. Since Martinez was not granted permission to appeal on this ground, we are without jurisdiction to consider it. We therefore dismiss Martinez's fourth point of error. *See Metzger,* 892 S.W.2d at 55.

---

1. *E.g., Holley v. Watts,* 629 S.W.2d 694, 696 (Tex.1982).

The State also argues that we are without jurisdiction over Martinez's appeal because his motion for new trial was untimely and not supported by the required affidavit. *See* Tex.R.App.P. 31(a)(1); *e.g., Reyes v. State,* 849 S.W.2d 812, 815 (Tex.Crim.App. 1993) (en banc). The record does not support the State's claim that Martinez's motion was untimely.[2] Since this aspect of the State's second jurisdictional argument is without a proper factual underpinning, we need not and do not reach the issue of whether Martinez's appellate complaints were required to be raised in a motion for new trial. *See* Tex.R.App.P. 30(b). We also reject the State's argument that Martinez's failure to support his motions for new trial with an affidavit is jurisdictional. Whether the affidavit was filed goes merely to whether the trial judge abused her discretion in denying the motion, an issue not raised in this appeal. *See McIntire v. State,* 698 S.W.2d 652 (Tex. Crim.App.1985).

In short, we hold that our jurisdiction extends only to the matter upon which the trial court gave Martinez to appeal, *i.e.,* whether Martinez read and understood the plea papers. In all other respects, Martinez's first, second, third, and fourth points of error are dismissed for want of jurisdiction.

## Comprehension of the Plea Papers and Voluntariness

Under his first point of error, Martinez concedes that he was given the admonishments required by article 26.13, Tex.Code Crim.Proc., in writing. He argues, however, that these admonishments were ineffective because the trial judge failed to determine that he read and understood the consequences of his plea. In this regard, Martinez relies upon his own testimony at the hearing of his postjudgment motions to the effect that he could not read; his trial counsel did not read the papers to him; and he did not know the consequences of his plea. However, the record before us reflects that, prior to receiving Martinez's plea, the trial judge specifically asked Martinez if he had read and understood the warnings contained in the plea papers. Martinez replied that he did and that he had no questions.

Martinez's reliance upon *Rodriguez v. State,* 850 S.W.2d 603 (Tex.App.—El Paso 1993, no pet.), which required that the trial judge do precisely what was done in this case, is thus misplaced. Martinez's attempted distinction of *Smith v. State,* 853 S.W.2d 140 (Tex.App.—Fort Worth 1993, no pet.), as a case in which the magistrate did not orally advise the defendant as to the range of punishment, is likewise unavailing. There was no notice to the trial judge in this case at the time of the plea hearing that Martinez was unable to read and understand the written admonitions; to the contrary, Martinez expressly and unequivocally represented to the trial judge that he could. We hold that the trial judge was entitled to rely upon Martinez's representations; she was not required to doubt or disbelieve Martinez's statements and conduct an independent inquiry of his reading and comprehension abilities. In this respect, Martinez's first and second points of error are therefore overruled.

The judgment is affirmed.

---

**2.** Martinez was initially sentenced on August 16, 1993; his motion for new trial was timely filed on August 26, 1993, *see* Tex.R.App.P. 31(a)(1) and his amended motion for new trial was timely filed on August 27, 1993, *see* Tex.R.App.P. 31(a)(2). On September 13, 1993, within the court's plenary jurisdiction, Martinez filed a motion for reconsideration. The trial judge granted this motion in part when, on October 1, 1993, she issued an amended judgment and sentence, which reduced Martinez's sentence from five to three years. On the seventy-fifth day after the date of the amended judgment and sentence, and within the time permitted by Rule 31(e)(1), Tex. R.App.P., the trial judge denied Martinez's amended motion for new trial. Martinez then filed his notice of appeal on December 16, 1993—well within the ninety day perfection period provided by Rule 41(b)(1), Tex.R.App.P. Martinez's motion for new trial and amended motion for new trial were thus timely.