In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-00-566 CR


____________________



PATRICK ANDRE DENLEY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 81756






OPINION


 A grand jury indicted Patrick Andre Denley as an habitual offender for aggravated
robbery involving the use of a deadly weapon. The State abandoned the allegation
regarding the use of a deadly weapon and proceeded to trial on the lesser included offense
of robbery. The trial court accepted a plea bargain agreement between Denley and the
State, in which the State abandoned four allegations of prior convictions, Denley pleaded
guilty to robbery as a repeat offender, and the trial court sentenced Denley to confinement
in the Institutional Division of the Texas Department of Criminal Justice for thirty (30)
years. One day after Denley was sentenced in accordance with the terms of the plea
bargain agreement, Denley filed a pro se motion to withdraw his plea and a notice of
appeal. A timely filed motion for new trial, which alleged ineffective assistance of
counsel, was denied by the trial court after an evidentiary hearing at which both Denley
and his trial counsel testified. Appellate counsel filed an amended notice of appeal. The
trial court denied permission to appeal. 

 Denley raises four points of error in his brief: 1) that the 30 year sentence is
excessive and constitutes cruel and unusual punishment; 2) that he did not enter his plea
freely and voluntarily; 3) that the trial court erred in denying Denley's motion for new trial
because Denley demonstrated that his guilty plea was not knowing or voluntary; and 4) that
he is entitled to a new trial because he received ineffective assistance of counsel at trial. 

 The record includes a written plea bargain agreement in which Denley and the State
agreed to a punishment recommendation of thirty (30) years of confinement in the Texas
Department of Criminal Justice, Institutional Division. The trial court followed the
agreement when it sentenced Denley. Neither the pro se notice of appeal nor the amended
notice of appeal complies with the requirements for notice of appeal from a negotiated
plea. See Tex. R. App. P. 25.2(b)(3). The trial court's permission was required in order
for Denley to pursue an appeal. The trial court denied that permission, leaving the writ
of habeas corpus as Denley's avenue for relief. Cooper v. State, 45 S.W.3d 77, 82 (Tex.
Crim. App. 2001). We lack the jurisdiction to consider the points of error raised in
Denley's brief. Id. at 80 (voluntariness of the plea); Lyon v. State, 872 S.W.2d 732, 736
(Tex. Crim. App. 1994)(ineffective assistance of counsel); Morris v. State, 892 S.W.2d
444, 446 (Tex. App.--San Antonio 1995, pet. ref'd)(cruel and unusual punishment). The
appeal is dismissed for lack of jurisdiction.

 APPEAL DISMISSED.


 PER CURIAM



Submitted on December 11, 2001

Opinion Delivered December 19, 2001

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.