Dennis Alan Hutson v. State














IN THE
TENTH COURT OF APPEALS
 

No. 10-01-259-CR

Â Â Â Â Â DENNIS ALAN HUTSON,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 351st District Court
Harris County, Texas
Trial Court # 871,526
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Dennis Alan Hutson pleaded guilty to aggravated robbery. In accordance with a plea
agreement, the court sentenced him to fifteen yearsâ imprisonment. The trial court granted
Hutsonâs pro se request to raise an âinsuficiant counsalâ [sic] claim on appeal. 
Â Â Â Â Â Â Hutsonâs appellate counsel filed an Anders brief. See Anders v. California, 386 U.S. 738,
744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493, 498 (1967); Sowels v. State, 45 S.W.3d 690, 692
(Tex. App.âWaco 2001, no pet.). Counsel notified Hutson that he had the right to file a pro se
brief or other response. We informed Hutson that he had thirty days to file such brief or response. 
He has not done so. The State has filed a waiver of its right to respond to counselâs brief.
Â Â Â Â Â Â Rule of Appellate Procedure 25.2(b)(3) limits the issues which may be raised in an appeal
following a negotiated guilty plea in a felony case. See White v. State, 61 S.W.3d 424, 428 (Tex.
Crim. App. 2001); cf. Russell v. State, No. 10-00-152-CR, slip op. at 3-5, 2002 Tex. App. LEXIS
2612, at *3-7 (Tex. App.âWaco Apr. 10, 2002, pet. filed) (Rule 25.2(b)(3) does not apply to
misdemeanor appeals). The trial court granted Hutson permission to appeal only an âinsuficiant
counsalâ claim. We construe this as permission to raise an ineffective assistance of counsel
complaint on appeal. This is the only appellate issue we may consider. See Page v. State, 70
S.W.3d 317, 318 (Tex. App.âWaco 2002, no pet.) (âBecause Pageâs notice of appeal specifies
that he is appealing only a jurisdictional defect, we may not consider any grounds for reversal
other than jurisdictional ones under Rule of Appellate Procedure 25.2(b)(3).â); accord Morris v.
State, 749 S.W.2d 772, 774-75 (Tex. Crim. App. 1986); Morris v. State, 892 S.W.2d 444, 446-47
(Tex. App.âSan Antonio 1995, pet. refâd); Levels v. State, 866 S.W.2d 103, 106 (Tex.
App.âBeaumont 1993, no pet.).
Â Â Â Â Â Â Counsel does not address ineffective assistance of counsel in the Anders brief. Arguably then,
we might consider ordering counsel to brief this issue. However, â[a]ny allegation of
ineffectiveness must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness.â Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim.
App. 1999) (citing McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)); accord
Scott v. State, 57 S.W.3d 476, 483 (Tex. App.âWaco 2001, pet. refâd).
Â Â Â Â Â Â Hutson waived the making of a reporterâs record as a part of the plea negotiations. Thus, we
have before us only the clerkâs record, which contains only twelve documents. This record plainly
will not support an ineffective assistance claim. Requiring counsel to brief this issue would be a
futile exercise. Cf. Wilson v. State, 39 S.W.3d 390, 391 (Tex. App.âWaco 2001, no pet.)
(second abatement due to retained counselâs failure to file a brief âwould be uselessâ after trial
court found that appellant had apparently absconded).
Â Â Â Â Â Â For the foregoing reasons, we affirm the conviction.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â REX D. DAVIS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Affirmed
Opinion delivered and filed June 19, 2002
Do not publish
[CR25]



-indent:.5in;line-height:200%'>Adams does not contend that the evidence
was insufficient to prove that he in fact did cross the center stripe of the
roadway, which caused the collision in which an individual was killed.  Rather,
he contends that crossing the center stripe was not Âin furtherance ofÂ the
offense of felony DWI, which he contends should be defined as advancing or
promoting the commission of the underlying felony.Â  However, the Court of
Criminal Appeals rejected this specific contention in Bigon v. State,
which has very similar facts to the case before us.Â  Bigon v. State, 252
S.W.3d 360 (Tex. Crim. App. 2008) (Âclearly dangerous actÂ was Âdriv[ing] a
heavily loaded Jeep towing a loaded trailer across the center stripe of a
roadway into the oncoming lane of travel.Â)Â  We see no legally relevant
distinction between the facts of this case and the facts of Bigon.Â  The
evidence was sufficient to sustain AdamsÂs conviction in that a reasonable
juror could have determined beyond a reasonable doubt that the act of crossing
the center stripe, resulting in the collision that caused the death of an
individual was an act in furtherance of the offense of felony DWI.Â  We overrule
issue five.

Conclusion

Â Â Â Â Â Â Â Â Â Â Â  Having found no error in the
trial courtÂs judgment, we affirm the judgment of conviction.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Before
Chief Justice Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Davis, and

Â Â Â Â Â Â Â Â Â Â Â  Justice
Scoggins

Affirmed

Opinion
delivered and filed June 8, 2011

Publish

[CRPM]









[1]
Specifically, AdamsÂs four issues are: (1) Federal due process is offended if a
non-regulatory criminal provision dispenses with a mens rea requirement;
(2) prosecuting a case where a death results from a person driving while
intoxicated as murder is contrary to Texas statutory law based on the failure
to require a mens rea; (3) the facts of this case established that
Appellant committed the offense of intoxication manslaughter [because] the
Texas felony murder statute specifically prohibits manslaughter from being the
underlying felony in a felony murder prosecution so this indictment should have
been dismissed; and (4) a death that results from driving while intoxicated
should be prosecuted as intoxication manslaughter and not murder.