**Andre Terrell FORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–91–00802–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 4, 1993.

James M. Sims, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

OPINION

J. CURTISS BROWN, Chief Justice.

The appellant entered a plea of no contest to the offense of unlawful possession of a handgun. The trial court assessed punishment at confinement for ninety days. In his sole point of error, the appellant argues his conviction must be reversed because the record does not show he knowingly and intelligently entered his plea. We affirm.

The record on appeal consists of the transcript alone. The transcript includes the written admonishments signed by the appellant and his attorney before the plea was entered. According to the signed admonishments, the appellant fully understood his rights, and knowingly, intelligently and voluntarily waived the right of trial by jury.

In addition, the transcript includes a judgment recital stating the defendant "knowingly, intelligently and voluntarily waived the right of trial by jury." Since the record is otherwise silent, the judgment recital is presumed to be correct. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim.App.1984) (on motion for rehearing). Absent a statement of facts, there is nothing to rebut the presumption of regularity. When a recitation such as this is included in the judgment, the burden shifts to the appellant to prove the invalidity of the waiver. *Id.* at 451.

The appellant also argues the State had the burden of providing this court with the statement of facts. This argument is patently without merit. The appellant, or other party seeking review, is responsible for providing a record that is sufficient to show error. TEX.R.APP.P. 50(d). It is the appellant's duty to file a statement of facts with the appellate court. TEX.R.APP.P. 53(k).

Since the admonishments and judgment recital both show the appellant knowingly and intelligently waived the right of trial by jury, we affirm the conviction.