**Larry MILLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–92–01126–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 16, 1994.

Kenneth W. Smith, Houston, for appellant.

Linda A. West, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Appellant, Larry Miller, is in the auto repair business and was indicted for swindling eight customers. Appellant was doing business as the "Mobile Mechanic" when he was indicted for either wrongfully repossessing customers' cars, keeping customers' cars after repairs were completed, or for making customers pay more than was originally quoted for repairs on their automobiles. Appellant plead nolo contendere to theft, and the trial court placed him on deferred adjudication probation for three years. Appellant raises five points of error. We affirm the judgment of the trial court.

In order to appeal a nonjurisdictional defect from a no contest plea, appellant must comply with the extra notice requirements of Rule 40(b)(1) of appellate procedure. *Davis v. State,* 870 S.W.2d 43, 46–47 (Tex.Crim.App.1994). Rule 40(b)(1) requires that the notice of appeal state "that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial." TEX.R.APP.P. 40(b)(1). An appellant failing to comply with Rule 40(b)(1) waives nonjurisdictional defects. *Davis,* 870 S.W.2d at 46–47. However, an appellant may challenge the voluntariness of his plea. TEX.CODE CRIM.PROC.ANN art. 26.13(b) (Vernon 1989); *Soto v. State,* 837 S.W.2d 401, 404 (Tex. App.—Dallas 1992, no pet.).

In his fifth point of error, appellant argues that his plea was involuntary because he was not admonished in accordance with article 26.13 of the Code of Criminal Procedure. Because the record on appeal only consists of the transcript, we are unable to determine exactly what the trial judge said to appellant. However, the judgment states that appellant

**338**

plead guilty after being admonished of the consequences of his plea. In addition, the docket sheet indicates that the trial court admonished appellant of the consequences of his plea in open court.

 In providing article 26.13(a) admonishments, the trial court's substantial compliance is sufficient unless the defendant shows that he was not aware of the consequences of his plea and that he was mislead or harmed by the admonishment of the court. TEX. CODE CRIM.PROC.ANN. art. 26.13(c) (Vernon 1989). When the record shows that the defendant received an admonishment on punishment, it is a prima facie showing that the guilty plea was knowing and voluntary. *Fuentes v. State,* 688 S.W.2d 542, 544 (Tex. Crim.App.1985). The burden then shifts to the defendant to show that he entered his plea without understanding the consequences of such plea. *Id.* When the record is otherwise silent, we will presume the correctness of a recital in the judgment regarding the voluntariness of a guilty plea. *Ford v. State,* 848 S.W.2d 776, 777 (Tex.App.—Houston [14th Dist.] 1993, no pet.). Appellant's fifth point of error is overruled.

 We are unable to rule upon appellant's other points of error because appellant's notice of appeal did not meet the requisites of Rule 40(b)(1). Appellant's notice of appeal simply requests that his notice be entered. The notice neither states that the trial court granted permission to file a notice of appeal, nor does it refer to any pretrial motions. Although the notice was signed by the trial judge when he set the appeal bond, his signature, by itself, does not indicate permission to appeal. *See Young v. State,* 759 S.W.2d 680, 681 (Tex.App.—Dallas 1988, pet. ref'd). A trial judge must set an appeal bond even when the judge has expressly denied an appellant permission to appeal under Rule 40(b)(1). *Campos v. State,* 818 S.W.2d 872, 874–75 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). Because appellant's points of error are nonjurisdictional, we may not address them.

The judgment of the trial court is affirmed.