Rodney SHEPHERD, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–94–077–CR.

Court of Appeals of Texas,
Waco.

Sept. 28, 1994.

Olivia A. Bledsoe, Dallas, for appellant.

John Vance, Crim. Dist. Atty., Zahn F. Reuther & Wayne Lacy, Asst. Dist. Attys., Dallas, Robert Huttash, State Prosecuting Atty., Austin, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

Appellant pled guilty to the offense of aggravated assault with a deadly weapon. The court followed a plea bargain agreement and granted deferred adjudication, placing him on three years probation and assessing a fine of $100. Appellant filed a general notice of appeal. His only point of error is that the court erred in failing to admonish him properly about the range of possible punishment if his probation were revoked.

Panels of the Dallas Court of Appeals have, in the past, held that the voluntariness of a plea could be challenged under a general notice of appeal. *Soto v. State*, 837 S.W.2d 401, 404 (Tex.App.—Dallas 1992, no pet.); *Walker v. State*, 843 S.W.2d 716, 717 (Tex.App.—Dallas 1992, pet. ref'd); *see also, Miller v. State*, 879 S.W.2d 336 (Tex.App.—Houston [14th Dist.] 1994, no pet. h.). However, in an *en banc* decision earlier this year, the Dallas Court held that a "claim that a trial court did not give proper admonishments is a claim of trial error before entry of a plea" and that the Court does not have jurisdiction to consider a point of error of

this nature. *Penny v. State*, 880 S.W.2d 59, 61 (Tex.App.—Dallas 1994, no pet.).

Under the *Penny* decision, we have no jurisdiction in this case to consider Appellant's claim that he was not properly admonished. *See id.* at 61. The appeal is dismissed for want of jurisdiction.