Steven MORRISON, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–94–188–CR.

Court of Appeals of Texas,
Waco.

March 29, 1995.

Dana L. Zachary & Annette K. Hanna, Hanna & Associates, College Station, for appellant.

Bill Turner, Dist. Atty., James W. Locke, Asst. Dist. Atty., Bryan, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

Steven Morrison was convicted of murder and sentenced to fifty years in prison. After the Court of Criminal Appeals reversed the judgment and remanded the cause for a new trial, Morrison was examined by medical experts on the questions of insanity at the time of the offense and competency to stand trial. On January 18, 1994, a jury found that Morrison was incompetent to stand trial but that he would attain competency in the foreseeable future. On February 28, another jury found that he was competent to stand trial.

On April 26, Morrison entered into a plea-bargain agreement with the State, agreeing to plead guilty to murder in exchange for a recommendation that punishment be assessed at thirty-five years in prison. On April 27, the court accepted the plea and followed the recommendation that had been agreed upon. Morrison filed a general notice of appeal.

## RULE 40(b)(1), T.R.A.P.

Rule 40(b)(1) of the rules of appellate procedure provides in pertinent part:

> Appeal is perfected in a criminal case by giving timely notice of appeal ...; but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

TEX.R.APP.P. 40(b)(1).

Adopted as part of the new appellate procedural rules in 1985, this provision is the successor to article 44.02 of the Code of Criminal Procedure. *Davis v. State*, 870 S.W.2d 43, 45–46 (Tex.Crim.App.1994). Article 44.02 had been amended in 1977 to increase the efficiency of the criminal justice system by allowing defendants to enter into plea-bargain agreements while preserving their right to appeal pivotal, adverse rulings. *Morris v. State*, 749 S.W.2d 772, 774 (Tex. Crim.App.1986). The amendment was in partial abrogation of the "*Helms* rule," which held that a guilty plea waived *all* non-jurisdictional defects in the proceedings. *Lyon v. State*, 872 S.W.2d 732, 734–35 (Tex.Crim. App.), *cert. denied,* —— U.S. ——, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994); *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Crim.App. 1972). Because the right is statutory, the legislature "may impose proper restrictions on the right of appeal, prescribe regulations in regard to appellate jurisdiction, and promulgate rules to be observed in prosecuting an appeal." *Morris*, 749 S.W.2d at 774. In *Davis*, the Court held that the relevant portion of Rule 40(b)(1) should be read as follows:

> ... in order to prosecute an appeal for a (1) nonjurisdictional defect [occurring before or after the plea], or (2) error that occurred prior to entry of the plea, the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial. ...

*Davis*, 870 S.W.2d at 46.

■ A general notice of appeal after a plea-bargained conviction invokes the jurisdiction of a court of appeals to consider only issues affecting the trial court's jurisdiction. *Lyon*, 872 S.W.2d at 735–36. Thus, Rule 40(b)(1), like article 44.02 before it, has the effect of limiting a defendant's options to appeal from a plea-bargained conviction to: (1) matters that the trial court has given permission to appeal; (2) matters raised by written motion and ruled on before trial, regardless of permission; and (3) claims of jurisdictional defects. *Id.; Morris*, 749 S.W.2d at 774; TEX.R.APP.P. 40(b)(1). To invoke the court of appeals' jurisdiction to consider the first two categories, the notice of appeal must comply with Rule 40(b)(1). TEX.R.APP.P. 40(b)(1).

## MORRISON'S POINTS OF ERROR

■ Morrison filed a general notice of appeal. His brief raises two points of error:

(1) that the evidence was insufficient to support the jury's verdict of competency and (2) that the court erred in overruling his objection to questions the State asked about the offense at the competency trial. These are claims of trial error before entry of a plea; they are not claims about the trial court's jurisdiction. Under Rule 40(b)(1), as interpreted in *Morris, Davis,* and *Lyon,* our jurisdiction to consider these claims was not invoked by the general notice of appeal. *See id; Lyon,* 872 S.W.2d at 734–36; *Davis,* 870 S.W.2d at 45–46; *Morris,* 749 S.W.2d at 774–75.

## CONCLUSION

Our jurisdiction has not been questioned by either party. We must, however, on our own examine our jurisdiction to ascertain if we have the power to act in a particular matter. *See* TEX.R.APP.P. 56(a). Because Morrison did not invoke our jurisdiction to consider his two points of error, we dismiss his appeal.