Pope v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-295-CR

     ROBERT ANTHONY POPE,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 25,176
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Robert Pope attempts to appeal from his conviction for possession of a controlled substance,
cocaine, and the assessed punishment of eight years' imprisonment, probated for eight years, and
a $500 fine. See Tex. Health & Safety Code Ann. §§ 481.102(D), 481.115(a) (Vernon 1992
& Supp. 1995). The conviction and punishment followed a negotiated plea of no-contest. In his
brief he raises one point of error, claiming that the court erred by denying a motion to suppress
the cocaine. However, we find that we do not have jurisdiction over this cause because Pope
failed to comply with the Texas Rules of Appellate Procedure. See Tex. R. App. P. 40(b)(1);
Lyon v. State, 872 S.W.2d 732, 736 (Tex. Crim. App.), cert. denied, ___ U.S. ___, 114 S.Ct.
2684, 129 L.Ed.2d 816 (1994); Davis v. State, 870 S.W.2d 43, 46 (Tex. Crim. App. 1994);
Morrison v. State, 896 S.W.2d 392, 393 (Tex. App.—Waco 1995, no pet.).
      In the trial court, Pope sought to have the evidence against him suppressed by a written pre-trial motion. After the court denied his motion, Pope waived his right to a jury trial and to
confront the witnesses against him and pleaded no contest in exchange for a recommendation from
the State that his punishment be assessed at eight years' imprisonment, probated for eight years,
and a $500 fine. See Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon Supp. 1995). The court
admonished him, accepted his plea, and set a sentencing hearing pending a presentence
investigation report. See id. art. 26.13 (Vernon 1989 & Supp. 1995). When the sentencing
hearing convened, the court initially assessed punishment that exceeded the agreement reached
between the State and Pope. After an off-the-record discussion, the court changed the punishment
and sentenced Pope according to the agreement. Pope did not file a motion for a new trial. On
September 20, he filed a "general" notice of appeal, which merely states that he "hereby gives
notice of appeal from his conviction in this case which occurred on 22 August 1994." 
      To appeal from a conviction "rendered upon [a] plea of . . . nolo contendere [when] the
punishment assessed does not exceed the punishment recommended by the prosecutor and agreed
to by the defendant . . . the notice [of appeal] shall state that the trial court granted permission to
appeal or shall specify that those matters were raised by written motion and ruled on before trial." 
Tex. R. App. P. 40(b)(1). A "general" notice of appeal, i.e., one that does not contain the extra
statements required by the "but" clause of Rule 40(b)(1), only invokes the jurisdiction of this court
to consider jurisdictional defects. See Lyon, 872 S.W.2d at 736; Morrison, 896 S.W.2d at 393. 
"A ‛general' notice of appeal is insufficient to confer jurisdiction on a Court of Appeals to review
a trial court's ruling on a pretrial suppression motion in an appeal from a conviction based on a
negotiated plea bargain." Davis, 870 S.W.2d at 46. 
      Apparently recognizing this defect, Pope filed a "supplemental" notice of appeal on May 31,
1995. This notice recites the information required by Rule 40(b)(1). See Tex. R. App. P.
40(b)(1). However, we may not allow Pope to amend his notice of appeal out of time. See Davis,
870 S.W.2d at 47; Jones v. State, 796 S.W.2d 183, 187 (Tex. Crim. App. 1990). Thus, his time
for effectively amending the notice of appeal expired on the thirtieth day after the sentence was
imposed, i.e., September 21, 1994. See Tex. R. App. P. 41(b)(1). 
      Because Pope does not raise jurisdictional complaints, we must dismiss Pope's appeal for want
of jurisdiction. See Davis, 870 S.W.2d at 47. 
                                                                               PER CURIAM

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed June 14, 1995
Do not publish