Roy-KE v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-111-CR 
& 
No. 10-95-112-CR

     KENNETH EARL ROY,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 194th District Court
Dallas County, Texas
Trial Court Nos. F92-03223-M & F92-03222-M 
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Kenneth Roy attempts to appeal from two convictions for delivery of a controlled substance,
enhanced, and the assessed punishment of concurrent twenty-five years' imprisonment, and a
$1,000 fine on each charge. Tex. Health & Safety Code Ann. §§ 481.102(3)(D), 481.112(a)
(Vernon 1992 & Supp. 1995). The convictions and punishment followed a negotiated guilty plea. 
In his brief he raises one point of error, claiming that there is no evidence to support his
conviction. The State has filed a motion to dismiss Roy's appeal, alleging that we do not have
jurisdiction because he failed to comply with the Texas Rules of Appellate Procedure. Tex. R.
App. P. 40(b)(1); Lyon v. State, 872 S.W.2d 732, 736 (Tex. Crim. App.), cert. denied, ___ U.S.
___, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994); Davis v. State, 870 S.W.2d 43, 46 (Tex. Crim.
App. 1994); Morrison v. State, 896 S.W.2d 392, 393 (Tex. App.—Waco 1995, no pet.). Because
we agree with the State, although not for the reasons it advances, we will grant the State's motion
and dismiss Roy's appeal.
      On September 16, 1994, Roy pleaded guilty in these causes in exchange for a recommendation
from the State that his punishment be assessed at twenty-five years' imprisonment and a $1,000
fine, the sentences to be served concurrently. See Tex. Code Crim. Proc. Ann. art. 1.15
(Vernon Supp. 1995). The court admonished him, accepted his plea, and assessed the agreed
punishment. See id. art. 26.13 (Vernon 1989 & Supp. 1995). Twenty-nine days later, Roy filed
a notice of appeal. Tex. R. App. P. 40(b)(1), 41(b)(1).
      Roy's notice of appeal is a two-page, pre-printed form, consisting of a checklist of allegations
and assertions.


 The form allows the person filling it out to select among the allegations by
checking a small box along side the statement. Roy checked the boxes indicating (1) that his
convictions followed a plea bargain, (2) that he intended to appeal the court's denial of "the
attached written pre-trial motion(s)," (3) that the judge had "granted permission to appeal the
issues set forth herein," and (4) that his plea was involuntary because his trial counsel failed to
provide effective assistance of counsel. Although the form provides the option of indicating that
the defendant wishes to complain that the evidence is insufficient, Roy did not select that option
when he filled out his "notice of appeal." 
      To appeal from a conviction "rendered upon [a] plea of guilty . . . [when] the punishment
assessed does not exceed the punishment recommended by the prosecutor and agreed to by the
defendant . . . the notice [of appeal] shall state that the trial court granted permission to appeal or
shall specify that those matters were raised by written motion and ruled on before trial." Tex. R.
App. P. 40(b)(1). "If [the defendant] wishes to appeal a matter which is nonjurisdictional in nature
. . . he must conform to the requirements of the [Rule] and include within his notice what the
grounds of appeal are and the fact that he has received the permission of the trial court to appeal
those matters." Jones v. State, 796 S.W.2d 183, 186 (Tex. Crim. App. 1990). If the notice does
not meet the requirements of Rule 40(b)(1) it is a general notice of appeal and only invokes our
jurisdiction to consider jurisdictional complaints. Lyon, 872 S.W.2d at 736; Morrison, 896
S.W.2d at 393.
      Roy indicated that the court granted him permission to appeal "the issues set forth herein,"
a phrase that we interpret to refer to the issues Roy checked on his notice of appeal. Solis v. State,
890 S.W.2d 518, 519 n.2 (Tex. App.—Dallas 1994, no pet.). However, he did not check the
statement indicating that he intended to appeal the sufficiency of the evidence supporting his
conviction. Thus, with respect to the sufficiency issue, his notice of appeal is general. Lyon, 872
S.W.2d at 736; Jones, 796 S.W.2d at 186. Sufficiency of the evidence is not a jurisdictional
complaint. Rhem v. State, 873 S.W.2d 383, 384 (Tex. Crim. App. 1994); Lyon, 872 S.W.2d at
736.
      The State argues that the "statements required by rule 40(b)(1) must be true [and] the record
must support that Appellant received permission from the trial court to appeal," citing Solis v.
State and Hutchins v. State. Solis, 890 S.W.2d at 520; Hutchins v. State, 887 S.W.2d 207, 210
(Tex. App.—Austin 1994, pet. ref'd); see also Hernandez v. State, 894 S.W.2d 807, 809-10 (Tex.
App.—San Antonio 1994, no pet.); Robinson v. State, 880 S.W.2d 193, 194 (Tex. App.—San
Antonio 1994, no pet.). Thus, according to the State, because nothing in the record indicates that
Roy obtained the court's permission to appeal, his notice of appeal is a general notice and we do
not have jurisdiction over this cause. 
      However, we need not address this argument because Roy did not indicate that the court
granted him permission to appeal the sufficiency of the evidence, as required. Jones, 796 S.W.2d
at 186. Thus, the truthfulness of his statement that the court granted him permission to appeal is
not at issue.
      Because Roy failed to invoke our jurisdiction, we must dismiss his appeal. Davis, 870
S.W.2d at 47; Morrison, 896 S.W.2d at 394. The State's motion to dismiss is granted.
                                                                               PER CURIAM

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed November 15, 1995
Do not publish