Huse-BR v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-257-CR

Â Â Â Â Â BILLY ROY HUSE,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 00-5-25,855
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Â Billy Roy Huse attempts to appeal from his conviction for murder and the assessed
punishment of life imprisonment. Tex. Penal Code Ann. Â§ 19.02(b)(2) (Vernon 1994). The
conviction and punishment followed a negotiated guilty plea. Because we find that our jurisdiction
was not properly invoked, we dismiss his appeal.
Â Â Â Â Â Â On July 6, 1995, Huse pleaded guilty in exchange for a recommendation from the State that
his punishment be assessed at life imprisonment. See Tex. Code Crim. Proc. Ann. art. 1.15
(Vernon Supp. 1995). The court admonished him, accepted his plea, and imposed the agreed
punishment. Id. art. 26.13 (Vernon 1989 & Supp. 1995). On August 25, some fifty days after
his sentence was imposed, Huse filed a notice of appeal and a motion seeking to obtain the trial
court's permission to prosecute an appeal.
Â Â Â Â Â Â After examining the record, we have determined that Huse's notice of appeal in this cause was
due on August 7.


 Tex. R. App. P. 41(b)(1). He did not file a written notice of appeal until
August 25. Thus, his notice of appeal was eighteen days too late. See id. Absent a timely,
written notice of appeal, we do not have jurisdiction over a criminal appeal. Shute v. State, 744
S.W.2d 96, 97 (Tex. Crim. App. 1988); Reyes v. State, 883 S.W.2d 291, 292-93 (Tex. App.âEl
Paso 1994, no pet.).
Â Â Â Â Â Â We notified Huse of this defect on November 9. Tex. R. App. P. 56(a), 83. He has not taken
steps to amend the record in response. Id. Thus, "the transcript does not show the jurisdiction
of the court, and . . . after notice it [has] not [been] amended." Id. Therefore, "the appeal shall
be dismissed." Id. 56(a).
Â Â Â Â Â Â Because Huse failed to invoke our jurisdiction, we dismiss his appeal. Davis v. State, 870
S.W.2d 43, 46 (Tex. Crim. App. 1994); Morrison v. State, 896 S.W.2d 392, 393 (Tex.
App.âWaco 1995, no pet.).
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Thomas,
Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed November 22, 1995
Do not publish 



le='margin-top:0in;margin-right:.5in;margin-bottom:0in;
margin-left:.75in;margin-bottom:.0001pt;text-align:justify;text-indent:-.25in'>(1)Â Â 
why Currie has
failed to file the reporters records for these appeals;

Â 

(2)Â Â 
CurrieÂs current
contact information, so the Clerk of this Court will have an address and a telephone
number by which she can communicate with Currie;

Â 

(3)Â Â 
a date certain[3]
within a reasonable period of time when the reporterÂs record will be filed in
each appeal; and

Â 

(4)Â Â 
whether any
sanctions should be imposed on Currie.

Â 

Â Â Â Â Â Â Â Â Â Â Â  The trial court shall: (1)
conduct the hearing within twenty-one (21) days after the date of this Order;
(2) prepare any necessary findings of fact and conclusions of law; and (3) sign
a written order consistent with the requirements of this Order.

Â  Â Â Â Â Â Â Â Â Â  The district clerk shall
file a supplemental clerkÂs record containing a copy of (1) the trial courtÂs
findings of fact and conclusions of law and (2) the trial courtÂs order with
the Clerk of this Court within thirty-five (35) days after the date of this
Order.

Â Â Â Â Â Â Â Â Â Â Â  Unless the parties waive the
making of a reporterÂs record in the abatement hearing, the trial courtÂs
current official court reporter is ordered to prepare and file a supplemental
reporterÂs record of the abatement hearing with the Clerk of this Court within
thirty-five (35) days after the date of this Order.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  PER
CURIAM

Â 

Â Â Â Â Â Â Â Â Â Â Â  

Before
Chief Justice Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Reyna, and

Â Â Â Â Â Â Â Â Â Â Â  Justice
Davis

Order
issued and filed June 2, 2010

Do
not publishÂ Â Â Â Â Â Â Â  

Â 

Â 









[1]
Â Â Â Â Â Â Â Â Â Â Â Â Â  The Clerk mailed
this notice to Currie by regular mail and by certified mail, return receipt
requested.Â  Currie failed to claim the letter sent to her by certified mail.





[2]
Â Â Â Â Â Â Â Â Â Â Â Â Â  These are the only
reportersÂ records which Currie is presently responsible for filing in this
Court.

Â 





[3]
Â Â Â Â Â Â Â Â Â Â Â Â Â  These dates should
be set sequentially so that the oldest record (Cooks) is filed first.