Dean-SK v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-145-CR
&
No. 10-95-146-CR
 
     SHAUN KERVETT DEAN,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 
From the Criminal District Court No. 4
Dallas County, Texas
Trial Court # F94-41984-K & F94-52708-LK
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      On June 15, 1994, Shaun Dean pleaded guilty to unauthorized use of a vehicle and theft
pursuant to a plea-bargain agreement with the State. Tex. Penal Code Ann. §§ 31.01, 31.07
(Vernon 1994). The court accepted his pleas and assessed the agreed punishments of four years
deferred adjudication probation and a $300 fine on each offense. Tex. Code Crim. Proc. Ann.
art. 42.12, § 5(a) (Vernon Supp. 1995). The State filed motions to adjudicate premised on a new
theft allegation. On March 23, 1995, Dean pleaded "true" to the allegations in the State's motions
in exchange for punishment recommendations of concurrent ten years' incarceration. The court
accepted the agreement and assessed punishment accordingly. Dean then appealed his convictions,
arguing that his pleas of true were involuntary because they were based on a tainted conviction for
the alleged theft offense.


 However, because we find that Dean failed to invoke our jurisdiction,
we dismiss his appeals.
      To appeal from a conviction "rendered upon [a] plea of guilty [when] the punishment assessed
does not exceed the punishment recommended by the prosecutor and agreed to by the defendant
. . . the notice [of appeal] shall state that the trial court granted permission to appeal or shall
specify that those matters were raised by written motion and ruled on before trial." Tex. R. App.
P. 40(b)(1). "If [the defendant] wishes to appeal a matter which is nonjurisdictional in nature .
. . he must conform to the requirements of the [Rule] and include within his notice what the
grounds of appeal are and the fact that he has received the permission of the trial court to appeal
those matters." Jones v. State, 796 S.W.2d 183, 186 (Tex. Crim. App. 1990). If the notice does
not meet the requirements of Rule 40(b)(1), it is a general notice of appeal and only invokes our
jurisdiction to consider jurisdictional complaints. Lyon v. State, 872 S.W.2d 732, 736 (Tex.
Crim. App.), cert. denied, ___ U.S. ___, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994); Davis v.
State, 870 S.W.2d 43, 46 (Tex. Crim. App. 1994); Morrison v. State, 896 S.W.2d 392, 393 (Tex.
App.—Waco 1995, no pet.).
      Dean's notice of appeal is a "general" notice because it does not contain the statements
required by Rule 40(b)(1). Id. Therefore, he has only invoked our jurisdiction to consider
jurisdictional complaints. Id. The voluntariness of his pleas are not jurisdictional matters. 
Martinez v. State, 04-93-00776-CR, slip op. at 2-3, 1995 WL 390622 *1 (Tex. App.—San
Antonio, July 5, 1995, no pet. h.) (voluntariness of a guilty plea is not jurisdictional); Forcha v.
State, 894 S.W.2d 506, 509 (Tex. App.—Houston [1st Dist.] 1995, no pet.) (an involuntary plea
is a nonjurisdictional defect);


 see also Shepherd v. State, 884 S.W.2d 571, 571 (Tex.
App.—Waco 1994, no pet.) (a claim that the defendant was improperly admonished is not
reviewable under a general notice of appeal).
      Additionally, by these appeals, Dean seeks to have this court review the decision to adjudicate
guilt after he was placed on deferred adjudication-probation. The right to appeal from a criminal
proceeding is a statutory right. Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). Thus,
the legislature may limit the issues that the defendant is allowed to bring to the appellate court. 
Id. The legislature has expressly prohibited an appeal from the decision to adjudicate, declaring
that "[n]o appeal may be taken from this determination." Tex. Code Crim. Proc. Ann. art.
42.12, §5(b); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992). "[W]hen a
legislative enactment says an accused may not appeal a determination to adjudicate, there is no
right to do so." Phynes, 828 S.W.2d at 2. Thus, the proper procedure is to dismiss any points
which raise a complaint concerning the decision to adjudicate. Id.; Olowosuko, 826 S.W.2d at
942. Where, as here, all points relate to this decision, the proper course is to dismiss the entire
cause. Phynes, 828 S.W.2d at 2. Thus, for this alternative reason, we again conclude that we do
not have jurisdiction to consider Dean's sole point of error. Id.; see also Buchanan v. State, 881
S.W.2d 376, 380 (Tex. App.—Houston [1st Dist.] 1994, pet. granted).
      Thus, because Dean filed general notices of appeal, he has failed to invoke our jurisdiction,
and we must dismiss these appeals. Lyon, 872 S.W.2d at 736; Davis, 870 S.W.2d at 47;
Morrison, 896 S.W.2d at 394. Additionally, we must dismiss these appeals because we do not
have jurisdiction to review the decision to adjudicate his guilt. Phynes, 828 S.W.2d at 2;
Olowosuko, 826 S.W.2d at 942. Therefore, these appeals are dismissed for want of jurisdiction.
                                                                                 PER CURIAM

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed December 19, 1995
Do not publish



ity, Barbara is incompetent to operate
a motor vehicle safely. 
      Willard states in his deposition that he is aware of his mother’s many ailments but she has
been driving regularly without incident and currently holds a valid Texas drivers license. Lloyd
adduced contrary evidence through Dr. Weldon. He states that based on Barbara’s medical
condition, a reasonable layperson in Willard’s position should have known that she was
incompetent to drive safely.
      When we review all the evidence in favor of Lloyd and disregard all contrary evidence, we
find that the evidence raises a question of fact on the issues of incompetence and Willard’s
awareness of his mother’s incompetence. The no-evidence motion with regard to Lloyd’s claim
of negligent entrustment should have been denied.
      With regard to the traditional motion for summary judgment on negligent entrustment, we find
that Willard failed to establish his entitlement to judgment as a matter of law. The motion for
summary judgment on negligent entrustment should have been denied. Accordingly, we sustain
point one.
      The judgment of the trial court is reversed and this cause is remanded for further proceedings
consistent with this opinion.
 
                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Reversed and remanded
Opinion delivered and filed April 11, 2001
Do not publish