Mark Edward Dibble v. State of Texas














IN THE
TENTH COURT OF APPEALS
 

No. 10-99-359-CR

     MARK EDWARD DIBBLE,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the County Court
Freestone County, Texas
Trial Court # 18488
                                                                                                                
                                                                                                            
MEMORANDUM OPINION
                                                                                                                
   
      Mark Edward Dibble was convicted of the offense of speeding. The County Court of
Freestone County imposed a fine of $90.00. We have no jurisdiction over the appeal of this
conviction which Dibble has filed. Tex. Code Crim. Proc. Ann. art. 4.03 (Vernon Supp.
2000). This cause is dismissed.
                                                                         PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Dismissed
Opinion delivered and filed November 8, 2000
Do not publish



, serif">                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      On December 8, 1994, Tony Graham pleaded guilty to six charges of forgery and two charges
of securing execution of a document by deception pursuant to a plea-bargain agreement with the
State. Tex. Penal Code Ann. §§ 32.21, 32.46 (Vernon 1994). The court accepted his pleas and
assessed the agreed punishment of ten years incarceration and a $300 fine on each charge, plus
restitution totaling $3,420.31. On January 6, 1995, he mailed a pro-se "Motion to Appeal" to the
trial court, and the court appointed an attorney to represent Graham for these appeals. After his
appellate counsel withdrew,


 Graham filed pro-se briefs claiming that the court coerced him into
pleading guilty and failed to consider his financial situation prior to ordering restitution and fines. 
However, because we find that Graham failed to invoke our jurisdiction, we dismiss his appeals.
      To appeal from a conviction "rendered upon [a] plea of guilty [when] the punishment assessed
does not exceed the punishment recommended by the prosecutor and agreed to by the defendant
. . . the notice [of appeal] shall state that the trial court granted permission to appeal or shall
specify that those matters were raised by written motion and ruled on before trial." Tex. R. App.
P. 40(b)(1). "If [the defendant] wishes to appeal a matter which is nonjurisdictional in nature .
. . he must conform to the requirements of the [Rule] and include within his notice what the
grounds of appeal are and the fact that he has received the permission of the trial court to appeal
those matters." Jones v. State, 796 S.W.2d 183, 186 (Tex. Crim. App. 1990). If the notice does
not meet the requirements of Rule 40(b)(1), it is a general notice of appeal and only invokes our
jurisdiction to consider jurisdictional complaints. Lyon v. State, 872 S.W.2d 732, 736 (Tex.
Crim. App.), cert. denied, ___ U.S. ___, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994); Davis v.
State, 870 S.W.2d 43, 46 (Tex. Crim. App. 1994); Morrison v. State, 896 S.W.2d 392, 393 (Tex.
App.—Waco 1995, no pet.).
      No ruling on Graham's "motion to appeal" appears in the record; thus, he is appealing without
permission of the court. His notice of appeal is a "general" notice because it does not contain the
statements required by Rule 40(b)(1). Id. Therefore, he has only invoked our jurisdiction to
consider jurisdictional complaints. Id. The voluntariness of his pleas are not jurisdictional
matters. Martinez v. State, 04-93-00776-CR, slip op. at 2-3, 1995 WL 390622 *1 (Tex.
App.—San Antonio, July 5, 1995, no pet. h.) (voluntariness of a guilty plea is not jurisdictional);
Forcha v. State, 894 S.W.2d 506, 509 (Tex. App.—Houston [1st Dist.] 1995, no pet.) (an
involuntary plea is a nonjurisdictional defect);


 see also Shepherd v. State, 884 S.W.2d 571, 571
(Tex. App.—Waco 1994, no pet.) (a claim that the defendant was improperly admonished is not
reviewable under a general notice of appeal). Neither is the sufficiency of the evidence supporting
the court's punishment decisions. See Lyon, 872 S.W.2d at 736; Davis, 870 S.W.2d at 47.
      Thus, because Graham filed general notices of appeal, he has failed to invoke our jurisdiction
and we must dismiss these appeals. Id.; Morrison, 896 S.W.2d at 394. Therefore, we dismiss
these appeals for want of jurisdiction.
                                                                                 PER CURIAM

Before Chief Justice Thomas,
          Justice Vance, and
          Chief Justice McDonald (Retired)
Dismissed for want of jurisdiction
Opinion delivered and filed December 19, 1995
Do not publish