Affirmed and Memorandum Opinion filed January 13, 2004















Affirmed and
Memorandum Opinion filed January 13, 2004.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-03-00208-CR

_______________

 

PATRICIA ELAINE BLOCK, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_______________________________________________

 

On Appeal from the 351st District
Court

Harris County, Texas

Trial Court
Cause No. 923,163

_______________________________________________

 

M E M O R A N D U M   O P I N I O
N

            Appellant Patricia Elaine Block
pleaded guilty to the offense of injury to a child without an agreed punishment
recommendation from the State.  In one
issue, she contends her plea was not knowing and voluntary.  Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion and
affirm.  See Tex. R. App. P. 47.4.









Discussion

            Appellant
claims her guilty plea was not knowing or voluntary because she proclaimed her
innocence shortly after she entered her plea. 
A showing in the record that a defendant was
admonished by the trial judge, as appellant was, is prima facie proof that a
guilty plea was knowing and voluntary. 
See Ex parte Williams,
704 S.W.2d 773, 775 (Tex. Crim. App. 1986).  The burden then shifts to the defendant to show she did not understand
the consequences of her plea.  Miller v. State, 879
S.W.2d 336, 338 (Tex. App.—Houston [14th Dist.] 1994, pet ref’d).  Once an accused attests that she understands
the nature of her plea and that it is voluntary, she has a heavy appellate
burden to prove involuntariness.  Edwards v. State, 921
S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1996, no pet).

            According to police and hospital
records, appellant pushed her daughter off a porch causing her daughter to
break her wrist.  After pleading guilty
to injury to a child, appellant sent a letter to the trial court claiming that
she had accidentally pushed her daughter. 
Appellant claimed her daughter and son were hitting her, and appellant
pushed her daughter in self-defense. 
Although her daughter had previously told police appellant had hit and
pushed her, she corroborated appellant’s version of events in the pre-sentence
investigation report.

            Appellant contends her claim of
innocence and the corroboration by her daughter show that her plea was
involuntary.  However, protestations of
innocence do not render a plea involuntary. 
See North Carolina v. Alford, 400 U.S. 25, 37
(1970); Ford v. State, 1993 WL
433973, at *2 (Tex. App.—Houston [1st
Dist.] Oct. 28,
 1993, no pet.) (not designated for publication).  We additionally note that even when a
defendant protests her innocence, various considerations may motivate her to
plead guilty.  See Mallett v. State, 65
S.W.3d 59, 64 (Tex. Crim. App. 2001). 
Therefore, appellant has not met her burden of proving her plea was
involuntary.  Accordingly, appellant’s
issue is overruled. 

            We affirm the judgment of the trial
court.

 

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed January 13, 2004.

Panel
consists of Chief Justice Hedges and Justices Anderson and Seymore.

Do Not
Publish — Tex. R. App.
P. 47.2(b).