Affirmed and Opinion filed March 25, 2004









Affirmed and Opinion filed March 25, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00551-CR

____________

 

EBONY DAWONE
WILLIAMS,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 209th
District Court

Harris County, Texas

Trial Court Cause No. 931,757

 



 

O P I N I O N

Appellant, Ebony Dawone Williams, pled
guilty to aggravated robbery without an agreed recommendation on January 22,
2003.  The finding of guilt was withheld
and sentencing was deferred pending a presentence investigation.  After receiving the PSI, the trial court
found appellant guilty and assessed appellant=s punishment at 30
years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  Appellant challenges his conviction and
sentence asserting (1) his plea was involuntary and unknowing, and (2) he was
sentenced in violation of the Fifth and Fourteenth Amendments.  We affirm.








On November 8, 2002, the complainant,
Denise Shullenberger, was at home with her sister=s two children,
ages 2 and 5, when appellant and another man came to her door, asking if AJermaine@ was there.  They left when Shullenberger told them they
had the wrong house.  About 15 or 20
minutes later, the doorbell rang again; when Shullenberger looked out the
window, she did not see anyone there. 
When she turned the door handle, the men pushed the door open, came
inside, and demanded that she give them her purse.  She told them her purse was in the Suburban
parked in the driveway.  

While appellant went to search for her
purse in the truck, the other man held a gun on Shullenberger, ordered her to
lie on the floor, put a cap over her face, and told her to do what she was told
to do.  The two-year-old child was on the
floor next to Shullenberger; the man with the gun motioned for the 5-year-old
child to go toward the back of the house. 
The children were crying.  

Appellant came back into the house and
said he could not find the complainant=s purse;
Shullenberger told him where it was. 
Appellant went back outside to get the purse and then returned for the
keys to the truck.  Shullenberger gave
appellant the keys.  Appellant went
outside; Shullenberger heard the truck start and the horn honk.  The man with the gun left and the men drove
away in the truck.








In his first issue, appellant complains
that his plea was involuntary and unknowing because the statutory provisions
governing the punishment range for aggravated robbery are so broad they
deprived him of any meaningful understanding of his legal position.  Appellant claims that at the time of his
plea, the only information he had was that the court could assess a term of
imprisonment ranging from as little as fifteen years to as much as 99 years or
life, essentially a range of 84 years.[1]  Facing such an indeterminate, unspecified
period of time, subject to the complete discretion of the trial court, appellant
argues he was left without a meaningful way to consider any offers made by the
prosecutors, or the costs and benefits of entering a plea versus exercising his
right to trial.  

The trial court shall not accept a guilty
plea unless it appears that the defendant is mentally competent and the plea is
free and voluntary.  Tex. Code Crim. Proc. Ann. art.
26.13(c)) (Vernon 1989).  The purpose of
article 26.13 is to assure that the defendant does not plead guilty unless it
is with full understanding of the charges against him and the consequences of
his plea.  Ex parte Evans, 690
S.W.2d 274, 276 (Tex. Crim. App. 1985) (quoting Basham v. State, 608
S.W.2d 677, 678 (Tex. Crim. App. 1980)). 


When the record shows that the defendant
received admonishments on punishment, it is a prima facie showing the guilty
plea was knowing and voluntary.  Miller
v. State, 879 S.W.2d 336, 337 (Tex. App.CHouston [14th
Dist.] 1994, pet. ref=d); see also Martinez v. State, 981
S.W.2d 195, 197 (Tex. Crim. App. 1998) (stating that prima facie showing that
guilty plea was entered knowingly and voluntarily is created when defendant was
duly admonished).  The burden then shifts
to the defendant to show that he entered his plea without understanding the
consequences of his plea.  Martinez,
981 S.W.2d at 197; Miller, 879 S.W.2d at 337.  When the record is silent, we will presume
the correctness of a recital in the judgment regarding the voluntariness of the
guilty plea.  Miller, 879 S.W.2d
at 337.  When considering the
voluntariness of appellant=s guilty plea, we
will examine the record as a whole.  Martinez,
981 S.W.2d at 197.  When the defendant
attests to the voluntariness of his plea at his original plea hearing, he is
subject to the heavy burden at a subsequent hearing to demonstrate the absence
of voluntariness.  Dusenberry v. State,
915 S.W.2d 947, 949 (Tex. App.CHouston [1st
Dist.] 1996, pet. ref=d); Hayden v. State, 818 S.W.2d
194, 196 (Tex. App.CCorpus Christi 1991, no pet.).

The written admonishments state that appellant was charged
with the felony of aggravated robbery, and if convicted, 








face[d] the following range of punishment. . . . FIRST
DEGREE FELONY:  a term of life or any
term of not more than 99 years or less than 5 years in the Institutional
Division of the Texas Department of Criminal Justice, and in addition, a fine
not to exceed $10,000.00 may be assessed; if enhanced with one prior felony
conviction, a term of life or any term of not more than 99 years or less than
15 years in the Institutional Division of the Texas Department of Criminal
Justice, and in addition, a fine not to exceed $10,000.00 may be assessed.

The admonishments instructed appellant to initial each
item if he fully understood it; appellant initialed the paragraph which
explained the range of punishment, indicating that he understood the range of
punishment he faced upon conviction.  

Under the AStatements and
Waivers of Defendant,@ appellant further initialed that he fully
understood the admonishments, that he fully understood the consequences of his
plea after having consulted with his attorney, and that he freely, knowingly,
and voluntarily executed this statement in open court.  Furthermore, under the AWaiver of
Constitutional Rights, Agreement to Stipulate, and Judicial Confession,@ appellant=s trial counsel
stated that he believed Athis document was executed by [appellant]
knowingly and voluntarily after [he] fully discussed it and its consequences
with him.@ 
The trial court similarly stated that after it had admonished appellant
of the consequences of his plea, it ascertained that appellant entered into the
plea knowingly and voluntarily after discussing the case with his attorney.

          The record shows that appellant was
fully admonished as to the consequences of his guilty plea.  Appellant=s real complaint
is that he pleaded guilty without an agreed recommendation.  However, appellant has not met his burden to
show that he entered his plea of guilty without understanding the consequences
of his plea.  Appellant=s first issue is
overruled.

In his second issue, appellant argues he
was sentenced in violation of the Fifth and Fourteenth Amendments because the
statutory provisions governing the punishment range for aggravated robbery are
so broad he had no meaningful understanding of his legal position and he was
treated unequally in comparison with others who were similarly situated.  








A review of the record reflects that
appellant failed to object in the trial court. 
Having failed to raise his constitutional challenges in the trial court,
appellant has waived them on appeal.  See
Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (AEven
constitutional errors may be waived by failure to object at trial.@).  Appellant=s second issue is
overruled.  

Accordingly, the judgment of the trial
court is affirmed.  

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Opinion filed March 25, 2004.

Panel
consists of Justices Yates, Hudson, and Fowler.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  The punishment
range for a first degree felony, enhanced by one prior felony is 15 to 99
years.  Tex. Pen. Code Ann. '
12.42(c)(1) (Vernon Supp. 2003).