Affirmed and Memorandum Opinion filed July 27, 2004









Affirmed and Memorandum Opinion filed July 27, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00852-CR

____________

 

DANIEL VENTURA
DELGADO,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 182nd
District Court

Harris County, Texas

Trial Court Cause No. 547,689

 



 

M E M O R A N D U M  O P I N I O N

On May 13, 2003, Daniel Delgado pleaded no
contest to the felony offense of murder, without an agreed recommendation on
punishment.  After completion of a
pre-sentence investigation, the trial court found appellant guilty and
sentenced him to thirty years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  On appeal, appellant contends (1) the trial
court erred by not sua sponte withdrawing his no contest plea and entering a
plea of not guilty on his behalf; and (2) the record does not affirmatively
establish the written admonishments were translated to him in a language he
could understand; therefore, his plea was not knowing and voluntary.  We affirm.








We first address appellant=s second issue and
determine whether appellant=s plea was entered
knowingly and voluntarily.  We examine
the record as a whole to determine whether a guilty or no contest plea was
given voluntarily.  Lee v. State,
39 S.W.3d 373, 375 (Tex. App.CHouston [1st
Dist.] 2001, no pet.).  A record that
recites the defendant was properly admonished is prima facie evidence that his
plea was made knowingly and voluntary.  Mallett
v. State, 65 S.W.3d 59, 64 (Tex. Crim. App. 2001); Solis v. State,
945 S.W.2d 300, 302 (Tex. App.CHouston [1st
Dist.] 1997, pet. ref=d). 
The burden then shifts to the defendant to show he did not fully
understand the consequences of his plea. 
Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App.
1998).  In the absence of a clear showing
to the contrary, we presume the recitations in the documents before the court
were correct and the proceedings were conducted with regularity.  Breazeale v. State, 683 S.W.2d 446,
450B51 (Tex. Crim.
App. 1984); Miller v. State, 879 S.W.2d 336, 338 (Tex. App.CHouston [14th
Dist.] 1994, pet. ref=d). 
These presumptions can be overcome only when the record shows that error
has occurred.  Breazeale, 683
S.W.2d at 450; Miller, 879 S.W.2d at 338. 

Appellant argues his plea was involuntary because the
record fails to affirmatively demonstrate an interpreter actually translated
the contents of the documents.[1]  Appellant initialed the following paragraph
contained in the written admonishments:[2]

I read and write/understand the
Spanish language; the foregoing Admonishments, Statements and Waivers as well
as the attached written Waiver of Constitutional Rights, Agreement to
Stipulate, and Judicial Confession, were read by me or were read to me and explained
to me in that language by my attorney and/or an interpreter, namely Marilu
Flores, before I signed them, and I consulted fully with my attorney before
entering this plea.








Appellant argues that without evidence the interpreter
actually translated the written admonishments, the above quoted paragraph is
simply evidence that he initialed and signed a document that he could not
read.  We find this argument without
merit.  

Appellant represented in the plea document
that he understood the allegations presented against him, and he stipulated the
witnesses would testify to the truth of the allegations.  Appellant also represented that he fully
discussed the case with his attorney before entering his plea.  Appellant=s counsel also
signed the plea document, stating that after fully discussing the case and the
consequences of entering a plea with appellant, he believed appellant entered
his plea knowingly and voluntarily. 
Thereafter, the judge signed the plea document stating that he
admonished appellant and determined appellant entered his plea knowingly and
voluntarily.  Additionally, the written
admonishments provide that an interpreter translated the document to appellant,
and appellant initialed and signed each admonishment, indicating he understood
their contents.  

Given the presumptions of truthfulness and
regularity, appellant=s argument that the record does not
affirmatively show an interpreter was present and the interpreter actually
translated the document to appellant must fail. 
See Reyna v. State, 993 S.W.2d 142, 145B46 (Tex. App.CSan Antonio 1999,
pet. ref=d).  Appellant has not met his burden to
affirmatively show he did not understand the consequences of his plea;
therefore, we presume the recitations are truthful and the admonishments were
translated to appellant in Spanish. 
Accordingly, we hold appellant knowingly and voluntarily entered his
plea of no contest.  Appellant=s second issue is
overruled.








Having concluded appellant=s plea was voluntary,
we now determine whether the trial court erred by not sua sponte withdrawing
appellant=s plea of no contest after evidence  that appellant denied committing the offense
was presented in the pre-sentence investigation report.  We review a trial court=s decision whether
to withdraw a plea of guilty or no contest 
under an abuse of discretion standard. 
See Aldrich v. State, 53 S.W.3d 460, 468 (Tex. App.CDallas 2001), aff=d, 104 S.W.3d 890
(Tex. Crim. App. 2003).  When a defendant
pleads to the trial court and waives trial by jury, the court has no obligation
to sua sponte withdraw a plea of no contest, even when evidence is adduced that
reasonably and fairly raises an issue as to his guilt.  Moon v. State, 572 S.W.2d 681, 682
(Tex. Crim. App. 1978); Fisher v. State, 104 S.W.3d 923, 924 (Tex. App.CHouston [14th
Dist.] 2003, no pet.); Aldrich, 53 S.W.3d at 467; Solis, 945
S.W.2d at 302.  It is the trial court=s duty, as the
trier of fact, to consider the evidence submitted and, based on that evidence,
find the defendant guilty, guilty of a lesser-included offense, or not
guilty.  Solis, 945 S.W.2d at 303.


Here, appellant expressly and voluntarily
waived his right to a jury trial, stipulated the witnesses would testify to the
truth of the allegations, received the required admonishments, and entered a no
contest plea.  The court found appellant
mentally competent, found his plea was voluntary, and found sufficient evidence
to support guilt.  Additionally,
appellant never requested to withdraw his plea of no contest.  Therefore, the trial court did not abuse its
discretion by not sua sponte withdrawing appellant=s plea of no
contest.  Appellant first issue is
overruled.

Having overruled appellant=s two issues on
appeal, we affirm the judgment of the trial court.

 

 

 

/s/      John S. Anderson

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed July 27, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).                                                    

 











[1]  Appellant
notes in his brief that the trial judge did not orally admonish him on the
record; appellant, however, waived his right to have a court reporter at the
plea hearing.  Without a record, this
contention is waived.  Further, Texas
Code of Criminal Procedure article 26.13(d) provides that the trial court may
admonish the defendant either orally or in writing.  Tex.
Code Crim. Proc. Ann. art. 26.13(d) (Vernon Supp. 2004).    





[2]  Appellant not
only signed the plea and written admonishments, he also initialed eighteen
separate paragraphs contained in the admonishment document.