Affirmed and Memorandum Opinion filed June 27, 2006








Affirmed
and Memorandum Opinion filed June 27, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00108-CR

____________

 

DERRICK STEPHENS TYSON,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th District
Court

Harris County, Texas

Trial Court Cause No.
984,318

 



 

M E M O R A N D U M   O P I N I O N

Appellant
entered a plea of guilty to the offense of possession of a controlled
substance.  On January 21, 2005, the trial court sentenced appellant to
confinement for five years in the Institutional Division of the Texas
Department of Criminal Justice.  Appellant raises several issues on appeal.








Appellant
was charged with possession of more than 50 pounds and less than 2,000 pounds
of marijuana.  He entered a plea of guilty.  Subsequently, at a hearing
conducted after completion of a pre-sentence investigation (PSI) report,
appellant stated he knew nothing about the large quantity of marijuana his
co-defendant was buying.  Appellant admitted to possessing one plastic Abaggy@ of marijuana but denied being
involved in the Awhole activity.@  Based on those assertions,
appellant raises the following issues:

$                  
Was appellant=s plea voluntary in accordance with
due process?

$                  
Was the trial
court obligated to sua sponte withdraw appellant=s guilty plea?

$                  
Was the trial
court obligated to further inquire into appellant=s plea to ensure it was voluntary?

$                  
Was the trial
court obligated to find appellant not guilty?

$                  
Is the evidence
factually sufficient for the trial court to have found appellant possessed more
than 50 pounds and less than 2,000 pounds of marijuana?

The
record reflects appellant was admonished by the trial court orally and in
writing in accordance with the requirements of article 26.13.  See Tex. Code Crim. Proc. Ann. art. 26.23
(Vernon 2005).  A showing in the record that a defendant was admonished by the
trial judge, as appellant was, is prima facie proof that a guilty plea was
knowing and voluntary. See Ex parte Williams, 704 S.W.2d 773, 775
(Tex.Crim.App.1986). The burden then shifts to the defendant to show he did not
understand the consequences of his plea.  See Miller v. State, 879
S.W.2d 336, 338 (Tex.App.‑Houston [14th Dist.] 1994, pet. ref'd). Once an
accused attests that he understands the nature of his plea and that it is
voluntary, he has a heavy appellate burden to prove involuntariness. See
Edwards v. State, 921 S.W.2d 477, 479 (Tex.App.‑Houston [1st Dist.]
1996, no pet).








Appellant
contends his claim of innocence shows his plea was involuntary. However,
protestations of innocence do not render a plea involuntary.  See North
Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). 
Additionally, we note that even when a defendant protests his innocence,
various considerations may motivate him to plead guilty. See Mallett v.
State, 65 S.W.3d 59, 64 (Tex.Crim.App.2001). Therefore, appellant has not
met his burden of proving his plea was involuntary. Accordingly, issues one,
two, and three are overruled.

In
issues four and five, appellant argues the evidence was insufficient for the
trial court to have found him guilty. A defendant who pleads guilty to the
court by executing a valid judicial confession waives any challenge to the
sufficiency of the evidence.  See Brink v. State, 78 S.W.3d 478, 484
(Tex. App.CHouston [14th Dist.] 2001, ).   Issues four and five are overruled.

Accordingly,
the judgment of the trial court is affirmed.

 

PER CURIAM

 

Judgment rendered and Memorandum Opinion filed June
27, 2006.

Panel consists of Justices Hudson, Fowler, and
Seymore.

Do Not Publish C Tex. R. App. P.
47.2(b).